An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-54

Filed: 1 September 2015

Brunswick County, Nos. 13 CRS 702, 2082

STATE OF NORTH CAROLINA

v.

TEDDY RUDOLPH KING

Appeal by defendant from judgment entered 26 June 2014 by Judge Claire V. Hill in Brunswick County Superior Court. Heard in the Court of Appeals 11 August 2015.

> *Attorney General Roy Cooper, by Assistant Attorney General Rajeev P. Premakumar, for the State.*
>
> *Anne Bleyman for defendant-appellant.*

DIETZ, Judge.

A jury convicted Defendant Teddy Rudolph King of sale and delivery of cocaine and possession with intent to sell and deliver cocaine. King's sole argument on appeal is that the trial court committed plain error when it refused to permit King to continue a line of questioning to a State Bureau of Investigation agent and forensic scientist who performed chemical analysis on the cocaine.

For the reasons stated below, we reject King's argument because King did not preserve it for appeal. Specifically, King did not make an offer of proof establishing on the record what the SBI agent would have said had the testimony been admitted. As a result, this Court cannot review the excluded testimony and determine whether the trial court's ruling had a probable effect on the trial's outcome—a necessary step in the plain error analysis. Accordingly, we find no plain error in this case.

**Facts and Procedural History**

On 18 March 2013, the State indicted Defendant Teddy Rudolph King for sale and delivery of cocaine and possession with intent to sell and deliver cocaine following a controlled drug buy in which a police informant bought cocaine from King. King's trial began on 25 June 2014.

During the trial, King's counsel questioned Jennifer West, the State Bureau of Investigation agent and forensic scientist who conducted the chemical analysis of the cocaine. The following exchange occurred:

> Q. Okay. It's fair to say that it's backed up in the Raleigh SBI, isn't it?
>
> A. We have pending cases, yes.
>
> Q. It takes a while to get something analyzed there, is that correct?
>
> A. It can take a while. Yes.

> Q. In fact, it's been an ongoing problem at the SBI regarding ability to keep up with the analyses, is that correct?
>
> A. I don't know that I would designate it like that. It's – we have had – we have had other – we've had people leave for other sorts of jobs and we have had lots of turnover, so it seems as though it's hard for us to keep up with the number of cases coming in.
>
> Q. And so, it's fair to say there's pressure to get it done, isn't it? Is that fair to say?
>
> A. No, I wouldn't say that.
>
> Q. Even though the SBI has been under a lot [of] scrutiny regarding your ability to properly test things, you're saying that there's no – there's no pressure to get –
>
> THE COURT: Sustained, asked and answered.
>
> [PROSECUTOR]: Thank you we would object for the record, Judge.

After the trial court precluded King's counsel from finishing that last question, counsel did not submit an offer of proof showing what the answer to that question would have been. King's counsel also did not object to the trial court's ruling or otherwise preserve the issue for appeal. King presented no evidence in his own defense.

On 26 June 2014, a jury returned a guilty verdict on the charges of sale and delivery of cocaine and possession with intent to sell and deliver cocaine. King then

pleaded guilty to attaining habitual felon status. The trial court sentenced King to 101 to 134 months.

King failed to timely appeal, but on 24 July 2014, after the time for appeal had expired, his counsel filed a belated notice of appeal. On 27 January 2015, King filed a petition for a writ of certiorari, acknowledging that his notice of appeal was not timely filed but requesting that this Court exercise its discretion to review the case. In our discretion pursuant to N.C. R. App. P. 21(a), we allow King's petition and review his argument on appeal.

## Analysis

King's appeal raises only a single issue: he contends that the trial court committed plain error when it limited his cross-examination of Jennifer West, the SBI forensic scientist who conducted the chemical analysis on the cocaine. After a series of questions concerning the backlog and workload at the State Crime Lab, King's counsel sought to question West about whether there was pressure to get lab analyses done:

> Q. And so, it's fair to say there's pressure to get it done, isn't it? Is that fair to say?
>
> A. No, I wouldn't say that.
>
> Q. Even though the SBI has been under a lot [of] scrutiny regarding your ability to properly test things, you're saying that there's no – there's no pressure to get –
>
> THE COURT: Sustained, asked and answered.

> [PROSECUTOR]: Thank you we would object for the record, Judge.

King contends on appeal that this question was building a foundation for further questions concerning whether West felt pressured to reach a particular result in this case and whether the analysis may have been rushed and therefore prone to mistakes. King argues that the trial court's refusal to permit that last question in the exchange was plain error because the ruling excluded relevant, potentially exculpatory evidence.

"For error to constitute plain error, a defendant must demonstrate that a fundamental error occurred at trial." *State v. Lawrence*, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012). "To show that an error was fundamental, a defendant must establish prejudice—that, after examination of the entire record, the error had a probable impact on the jury's finding that the defendant was guilty." *Id.* (internal quotation marks omitted). Plain error should be "applied cautiously and only in the exceptional case" where the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.*

Here, we are unable to determine if the excluded evidence had a "probable impact on the jury's finding that the defendant was guilty" because King did not make an offer of proof. "It is well established that an exception to the exclusion of evidence cannot be sustained where the record fails to show what the witness's testimony

would have been had he been permitted to testify." *State v. Simpson*, 314 N.C. 359, 370, 334 S.E.2d 53, 60 (1985). "[I]n order for a party to preserve for appellate review the exclusion of evidence, the significance of the excluded evidence must be made to appear in the record and a specific offer of proof is required unless the significance of the evidence is obvious from the record." *Id.*

King concedes that "there was no proffer as to how [Jennifer West] might have testified." King argues that it is "obvious" how West would have testified based on the "significance of deficiencies of forensic evidence" and the "incentive to alter evidence in a manner favorable to the prosecution." We disagree. Any attempt to predict what West's testimony would have been is pure speculation. This is precisely why making an offer of proof is so important. "[T]he essential content or substance of the witness's testimony must be shown before we can ascertain whether prejudicial error occurred. In the absence of an adequate offer of proof, we can only speculate as to what the witness's answer would have been." *State v. Jacobs*, 195 N.C. App. 599, 609, 673 S.E.2d 724, 730 (2009).

Because King did not preserve his objection to the exclusion of this evidence through an offer of proof showing what the witness's answer would have been, we cannot assess whether this purported error had a probable impact on the jury's verdict—the required step in the plain error analysis. Accordingly, we find no plain error in the trial court's judgment.

NO PLAIN ERROR.

Judges BRYANT and STEPHENS concur.

Report per Rule 30(e).